# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9353 | **DATE** | 12/11/12 |
| **CASE TITLE** | Tyrone Petties (–52785) vs. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The trust fund account officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. Plaintiff may proceed with his complaint and the clerk shall issue summonses for service of the complaint on the Defendants through the U.S. Marshal. Plaintiff's motion for the appointment of counsel [4] is granted. The Court appoints Lynn Hagman Murray, Grippo & Elden, 111 South Wacker Drive, Chicago, IL 60606, (312) 704-7700, email: docket@grippoelden.com, to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rule 83.11(g) (N.D. Ill.). Within 30 days counsel should enter an appearance for Plaintiff and communicate with him.

■[ For further details see text below.]                                                   Docketing to mail notices.

# STATEMENT

      Plaintiff, Tyrone Petties, incarcerated at Stateville Correctional Center, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against former and present Stateville Medical Directors Imhotep Carter and Obaisi and against Wexford Health Sources (a Pennsylvania based corporation that provides medical services to Illinois prisoners). Plaintiff alleges that he ruptured his Achilles heel in January 2012. Plaintiff was examined by physicians at St. Joseph Hospital and then specialists at Hinsdale Orthopedics, who recommended that Plaintiff's heel be surgically repaired. According to Plaintiff, Dr. Obaisi and then Dr. Carter refused to recommend to Wexford that Plaintiff receive surgery, and Wexford has a policy of refusing to approve surgery for certain conditions such as a ruptured Achilles heel.

      Plaintiff's *in forma pauperis* ("IFP") application indicates that he cannot prepay the $350 filing fee or an initial partial filing fee. The Court grants Plaintiff's IFP motion and assesses an initial partial payment of the filing fee in the amount of $21.60. The inmate trust fund officer at Plaintiff's place of incarceration is authorized to collect, when sufficient funds are available, the initial partial filing fee from Plaintiff's trust fund account and send the payment to the Clerk of this Court. Thereafter, the trust fund officer shall deduct monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the payment of the filing fee, and Stateville officials shall notify transferee authorities of any outstanding balance if Plaintiff is transferred.

      The Court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's allegations that all three Defendants have refused to approve surgery for his ruptured Achilles heel states a colorable cause of action against them. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Hampton v. Hart*, No. 09 C 6269, 2011 WL 2837407 at *5-7 (N.D. Ill. July 18, 2011) (St. Eve, J.).

      The clerk shall issue summonses for service of the complaint on Dr. Imhotep Carter, Dr. Obaisi and

|  STATEMENT  |
| --- |
| Wexford Health Sources. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve these Defendants with process. With respect to any Defendant who can no longer be found at the work address provided by Plaintiff, Stateville and Wexford officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service, should a dispute arise; documentation of the address shall be retained only by the Marshal and shall not be kept in the Court's file. The Marshal is authorized to mail requests for waivers of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt personal service.<br><br>      Given the nature of Plaintiff's claims, the Court grants his motion for appointment of counsel and appoints Lynn Hagman Murray, Grippo & Elden, 111 South Wacker Drive, Chicago, IL 60606, (312) 704-7700, email: docket@grippoelden.com, to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rule 83.11(g) (N.D. Ill.). Within 30 days of this order, counsel should enter an appearance and communicate with Plaintiff. |